IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   19-4182 |
| | ) | |
| v. | ) | |
| | ) | |
| (1) ALEX L. KAHLER, | ) | |
| (2) JUDITH A. KAHLER, | ) | |
| (3) WILMINGTON SAVINGS FUND | ) | |
| SOCIETY, FSB, | ) | |
| (4) MYRTLE PROPERTIES, LLC | ) | |
| (5) ABERDEEN LOAN | ) | |
| CONSOLIDATORS, LLC, | ) | |
| (6) CENTRAL BUSINESS SUPPLY, INC., | ) | |
| (7) MELISSA A. KAHLER, | ) | |
| (8) BROOKINGS COUNTY | ) | |
| DEPARTMENT OF FINANCE, and | ) | |
| (9) SOUTH DAKOTA DEPARTMENT | ) | |
| OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT TO ENFORCE FEDERAL TAX LIENS**

The United States of America, for its complaint against defendants, alleges as follows:

1.      The United States brings this suit to enforce the federal tax liens that arose upon assessment of Alex L. Kahler and Judith A. Kahler's federal tax liabilities, and attached to their interests in real property located in Aurora, South Dakota (hereinafter referred to as "the Aurora Property").

2.      This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States under 26 U.S.C. §§ 7401 and 7403.

1

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. § 7402(a).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Alex L. Kahler and Judith A. Kahler reside within this judicial district, and the federal tax liabilities at issue accrued within this judicial district.

## THE PARTIES

5.      Plaintiff is the United States of America.

6.      Defendant Alex L. Kahler is one of the taxpayers against whom the underlying federal tax assessments referred to herein were made. Alex L. Kahler is married to Judith A. Kahler, and he resides at the Aurora Property in Brookings County, South Dakota.

7.      Defendant Judith A. Kahler is the other taxpayer against whom the underlying federal tax assessments referred to herein were made. Judith A. Kahler is married to Alex L. Kahler, and she resides at the Aurora Property in Brookings County, South Dakota.

8.      Defendant Melissa A. Kahler is the daughter of Alex Kahler and Judith Kahler. Meslissa A. Kahler is named as a party pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the Aurora Property. Upon information and belief, Melissa A. Kahler resides at the Aurora Property in Brookings County, South Dakota.

9.      Defendant Wilmington Savings Fund Society, FSB ("Wilmington Savings") is a bank and trust company headquartered in Delaware. It conducts business in South Dakota and is named as a party pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Aurora Property. It has an office located at 416 3rd Street, Brookings, South Dakota 57006.

2

10.     Defendant Myrtle Properties, LLC is a limited liability company organized to conduct business in the State of South Dakota. It is named as a party pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Aurora Property. It has a principal office located at 110 N. Minnesota Ave., Suite 400, Sioux Falls, South Dakota 57104.

11.     Defendant Aberdeen Loan Consolidators, LLC was a limited liability company organized to conduct business in the State of South Dakota. The business was administratively dissolved on or about April 20, 2015. It is named as a party pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Aurora Property. The last known address listed for Aberdeen Loan Consolidators, LLC is 24 5th Ave. SW, Aberdeen, South Dakota 57401.

12.     Defendant Central Business Supply, Inc. is in the business of selling office supplies and is incorporated in the State of South Dakota. It is named as a party pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Aurora Property. It has a principal office located at 416 3rd Street, Brookings, South Dakota 57006.

13.     Defendant South Dakota Department of Revenue is the government agency responsible for administering the tax laws of South Dakota. It is named as a party pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Aurora Property. It has a principal office located at 445 East Capitol Ave., Pierre, South Dakota 57501.

14.     Defendant Brookings County Department of Finance is responsible for, *inter alia*, the collection of property taxes for Brookings County, South Dakota. It is named as a party pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Aurora Property. It has a principal office located at 314 Sixth Ave., Brookings, South Dakota 57006.

**ENFORCE THE FEDERAL TAX LIENS**

15.     On or about March 9, 1999, Alex L. Kahler and Judith A. Kahler jointly acquired

the real property located at 21287 479th Ave., Aurora, South Dakota 57002 (referred to herein as

"the Aurora Property"). The Aurora Property has a legal description as follows:

> The East Four Hundred Feet (E 400') of the South One Thousand One Hundred
> Feet (S 1100') of the Southeast Quarter of the Southeast Quarter (SE1/4SE1/4) of
> Section Thirty (30), Township One Hundred Ten (110) North, Range Forty-Eight
> (48) West of The 5th P.M., In Brookings County, South Dakota.

16.     On the dates, for the tax years, and in the amounts set forth below, a delegate of

the Secretary of the Treasury made assessments for income tax, interest, and penalties against

Alex L. Kahler and Judith L. Kahler. The total unpaid balance Alex L. Kahler and Judith L.

Kahler's federal income tax liabilities, as of July 19, 2019, which includes unassessed interest

and penalty accruals, as well as any fees, credits and payments, is also shown below:

| Tax Year | Date Assessment | Tax Assessed | Unpaid Balance as of 7/19/2019 |
|---|---|---|---|
| 2004 | Aug. 20, 2007 | $38,459.00 | $82,249.55 |
| 2005 | Aug. 27, 2007 | $44,521.00 | $34,916.89 |
| 2006 | Aug. 27, 2007 | $37,710.00 | $16,835.25 |
| 2007 | Aug. 17, 2009 | $63,810.00 | $68,759.02 |
| 2008 | Sept. 7, 2009 | $34,300.00 | $15,180.68 |
|  | | **TOTAL** | **$210,094.53** |

17.     On the dates, for the tax periods, and in the amounts set forth below, a delegate of

the Secretary of the Treasury made trust fund recovery penalty assessments, pursuant to 26

U.S.C. § 6672, against Alex L. Kahler and Judith L. Kahler, in connection with Biogentic

4

Services, Inc. and Identify Genetics, Inc.'s failure to collect, truthfully account for, or pay over to the United States all the income, Social Security, and Medicare taxes withheld from the wages of their employees during the tax periods shown below. The total unpaid balance of the assessments, as of July 19, 2019, which includes unassessed interest and penalty accruals as well as any fees, credits and payments, is also shown below:

**BGS (Alex L. Kahler):**

| Tax Periods | Date of Assessment | Tax Assessed | Unpaid Balance as of 7/19/2019 |
|---|---|---|---|
| Sept. 30, 2006 | Feb. 9, 2009 | $12,704.67 | $42.75 |
| Mar. 31, 2007 | Feb. 9, 2009 | $12,202.86 | $7,570.47 |
| | | **TOTAL** | **$7,613.22** |

**IGI (Alex L. Kahler):**

| Tax Periods | Date of Assessment | Tax Assessed | Unpaid Balance as of 7/19/2019 |
|---|---|---|---|
| Sept. 30, 2006 | Dec. 10, 2007 | $16,157.27 | $0 |
| Mar. 31, 2007 | Apr. 7, 2008 | $23,339.21 | $6,815.53 |
| | | **TOTAL** | **$6,815.53** |

**BGS (Judith A. Kahler):**

| Tax Periods | Date of Assessment | Tax Assessed | Unpaid Balance as of 7/19/2019 |
|---|---|---|---|
| Sept. 30, 2006 | Feb. 9, 2009 | $12,704.67 | $0 |
| Mar. 31, 2007 | Jan. 12, 2009 | $12,202.86 | $7,679.98 |
| | | **TOTAL** | **$7,679.98** |

**IGI (Judith A. Kahler):**

| Tax Periods | Date of Assessment | Tax Assessed | Unpaid Balance as of 7/19/2019 |
|---|---|---|---|
| Sept. 30, 2006 | Dec. 10, 2007 | $16,157.27 | $0 |
| Mar. 31, 2007 | Apr. 7, 2008 | $23,339.21 | $6,816.31 |
|  | **TOTAL** | **$6,816.31** |

18. The IRS gave Alex L. Kahler and Judith L. Kahler notices of the assessments referred to in paragraphs 17 and 18, above, and made demands for payment to Alex L. Kahler and Judith L. Kahler on or about the date of each assessment.

19. By virtue of the federal tax assessments referred to in paragraphs 16 and 17, the notices and demands for payment referred to in paragraph 18, and Alex L. Kahler and Judith A. Kahler's failure to pay the assessed federal tax liabilities described above, federal tax liens arose in favor of the United States on the date of each assessment and attached to all of Alex L. Kahler and Judith A. Kahler's property, including the Aurora Property. See 26 U.S.C. §§ 6321, 6322.

20. Pursuant to 26 U.S.C. § 6323(f) and S.D. Codified Laws § 44-7-2.1, on or about July 21, 2014, the IRS filed a Notice of Federal Tax Lien in Brookings County regarding the federal tax liabilities referred to in paragraphs 16 and 17, above.

21. On May 30, 2018, the United States initiated a suit to reduce to judgment Alex L. Kahler and Judith A. Kahler's unpaid federal tax liabilities referred to in paragraphs 16 and 17, above. See United States v. Kahler, Case No. 4:18-cv-4060 (May 30, 2018).

22. On July 30, 2019, default judgments were entered in favor of the United States and against Alex L. Kahler and Judith A. Kahler, in the amounts of $232,370.14 and $232,437.68, respectively, plus interest as of July 19, 2019, for the unpaid balance of their federal tax liabilities. See id., (ECF No. 15).

6

23.     For the foregoing reasons, the federal tax liens referred to in paragraph 19, above, may be enforced against the Aurora Property, and the property sold, with the sale proceeds distributed in a manner that the Court may determine. See 26 U.S.C. § 7403(c).

WHEREFORE, the United States respectfully requests that the Court enter judgment in favor of the United States and against all defendants as follows:

A.      Enter judgment in favor of the United States, declaring that the United States' federal tax liens are valid and subsisting liens and attached to all property and rights to property of Alex L. Kahler and Judith A. Kahler, including the Aurora Property;

B.      Order that the United States' federal tax liens referred to in paragraph 19, above, be enforced against all property and rights to property of Alex L. Kahler and Judith A. Kahler, including the Aurora Property;

C.      Order that if any of the defendants identified in paragraphs 8 through 14 claim an interest in the Aurora Property senior to the United States' tax liens, then that defendant must affirmatively demonstrate the priority of that interest;

D.      Determine the rights of the parties in the Aurora Property;

E.      Order that the Aurora Property be sold by public judicial sale, and that any person occupying the property be ordered to leave and vacate the property;

F.      Order that the proceeds from any sale of the Aurora Property be distributed in accordance with the Court's determination as to any claims to or priorities in the property; and

G.      Grant the United States its costs incurred in the commencement and prosecution of this action and such other and further relief as the Court deems proper and just.

\\

\\

\\

7

Dated: November 4, 2019

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


*/s/ Jordan D. Howlette*
JORDAN D. HOWLETTE
Florida Bar No.: 125031
Trial Attorney, Tax Division
U.S. Department of Justice
 P.O. Box 7238
Washington, D.C.  20044
Telephone: 202-616-3865
Fax: 202-514-6770
Jordan.howlette@usdoj.gov

*Counsel for the United States*

JS 44  (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE ___   DOCKET NUMBER ___

DATE ___   SIGNATURE OF ATTORNEY OF RECORD ___

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___